14-16 30th Rd., LLC v Hassan (2025 NY Slip Op 50849(U))

[*1]

14-16 30th Rd., LLC v Hassan

2025 NY Slip Op 50849(U)

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, JOANNE D. QUIÑONES, JJ

2024-577 Q C

14-16 30th Road, LLC, Respondent,
against
Walid Hassan, Appellant, "John Doe" and "Jane Doe", Undertenants. 

Walid Hassan, appellant pro se.
Horing Welikson Rosen & DiGrugilliers, P.C. (Santo Golino of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Logan J. Schiff, J.), dated April 26, 2024. The order denied tenant's motion to dismiss the petition in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs. 
Landlord commenced this holdover proceeding on October 15, 2020 by filing the notice of petition and petition (see CCA 400 [1]), following the termination of tenant's rent-stabilized tenancy based upon his alleged failure to execute his rent-stabilized renewal lease. The notice of petition does not set forth a return date, in compliance with Chief Clerk Memorandum 210. After the expiration of a stay based upon an Emergency Rental Assistance Program application, by order dated March 6, 2024 (see 14-16 30th Road, LLC v Hassan, — Misc 3d —, 2025 NY Slip Op _____ [appeal No. 2024-307 Q C], decided herewith) the Civil Court (Clifton A. Nembhard, J.), as is relevant here, set the initial return date for April 2, 2024, and ordered landlord to re-serve the petition, along with a notice of petition amended to reflect a return date of April 2, 2024, specifying that such service should comply with RPAPL 733 (1).
Landlord served the amended notice of petition and petition personally on tenant on March 21, 2024 and on John and Jane Doe via substituted service by delivery to tenant on March 21, 2024 and mailing to John and Jane Doe via first class and certified mail on March 22, 2024. The affidavits of service were filed via NYSCEF on March 25, 2024. Tenant moved to dismiss [*2]the petition arguing that substituted service of the notice of petition and petition on John and Jane Doe was untimely because it was completed, upon the filing of the affidavit of service (see RPAPL 735 [2] [b]), only eight days before the return date of April 2, 2024 in violation of RPAPL 733 (1). By order dated April 26, 2024, the Civil Court (Logan J. Schiff, J.) denied tenant's motion to dismiss the petition.
Service of a notice of petition and petition in a summary proceeding is governed by RPAPL 735. A defense of personal jurisdiction based on improper service is "personal in nature and may only be raised by the party allegedly improperly served" (Rhoe v Reid, 166 AD3d 919, 922 [2018]; see Wells Fargo Bank, N.A. v Bachmann, 145 AD3d 712 [2016]; Home Sav. of Am. v Gkanios, 233 AD2d 422 [1996]). Therefore, tenant may not raise a personal jurisdiction defense on behalf of John or Jane Doe. Nor has tenant demonstrated that an individual designated as John or Jane Doe is a necessary party to this proceeding that would warrant dismissal of the petition as to all parties (see Cadman Towers, Inc. v Barry, 31 Misc 3d 127[A], 2011 NY Slip Op 50452[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; Triborough Bridge & Tunnel Auth. v Wimpfheimer, 165 Misc 2d 584 [App Term, 1st Dept 1995]).
In any event, landlord's late filing of the affidavit of service of the amended notice of petition and the petition does not warrant dismissal. Although the affidavit of service was filed outside of the 10- to 17-day window prescribed by RPAPL 733 (1), "jurisdiction attaches when there has been delivery of the papers and mailing" (Siedlecki v Doscher, 33 Misc 3d 18, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see CCA 400 [2]). Indeed, the untimely filing of an affidavit of service is not a jurisdictional defect and, absent any prejudice, which tenant did not allege, it can be disregarded (see CPLR 2001; Siedlecki v Doscher, 33 Misc 3d 18; Friedlander v Ramos, 3 Misc 3d 33 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
Accordingly, the order is affirmed.
MUNDY, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025